**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| INDEED, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:21-cv-356 |
| | § | |
| ASIF KHAN AND TOO APREE, LLC, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Indeed, Inc. ("Indeed") hereby files its Original Complaint against Asif Khan ("Khan") and his affiliated entity Too Apree LLC ("Too Apree," and collectively with Khan, "Defendants"), and shows the Court the following:

**I. THE PARTIES**

1.      Indeed is a Delaware corporation authorized to do business in Texas.   Its principal place of business is 6433 Champion Grandview Way, Building 1, Austin, Texas  78750.

2.      Upon information and belief, Khan is an individual residing in Las Vegas, Nevada, who may be found and served at one of the following addresses: 7816 Cape Vista Lane, Las Vegas, Nevada 89128 or 10161 Park Run Dr., Suite 150, Las Vegas, Nevada 89145.

3.      Too Apree is a Nevada limited liability company.  It may be served via its registered agent with the Nevada Secretary of State as follows: Borghese Legal, Ltd., 10161 Park Run Dr, Suite 150, Las Vegas, Nevada 89145.  Alternatively, the Texas Secretary of State is the agent for service of process for Too Apree because (i) Too Apree is a nonresident defendant engaging in business in Texas without a regular place of business in Texas or a designated agent for service of process in Texas and (ii) the lawsuit arises from Too Apree's business in Texas.  Defendants'

business in Texas consists of, as set forth in detail herein, Defendants' use and access of Indeed's computer systems and platforms and their posting of video content of fake interviews conducted on those platforms on Defendants' social media accounts (which are available to users in Texas).

## II. <u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over this controversy because of (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331, and (2) complete diversity of citizenship and the amount in controversy exceeds $75,000 excluding interest and costs pursuant to 28 U.S.C. § 1332(a).  For diversity purposes, Indeed is a Texas and Delaware citizen, Kahn is a citizen of Nevada and, upon information and belief, Too Apree is a citizen of Nevada.  In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Venue is proper in this district because all or a substantial part of the events or omissions giving rise to Indeed's claims occurred in this district.  *See* 28 U.S.C. § 1391(b)(2).  Khan (by agreeing to Indeed's "Terms of Service" as set forth herein) has consented to exclusive personal jurisdiction of the federal or state courts located in Travis County, Texas.

## III. <u>BACKGROUND FACTS</u>

### A.      <u>THE PARTIES</u>

5.      Indeed is one of the largest job sites in the world with over 250 million unique visitors every month.  Indeed helps people get jobs through its online, mobile services and websites (collectively, the "Indeed Apps"). One of the Indeed Apps includes a virtual hiring platform called the "Indeed Hiring Platform," which enables Indeed's job seekers to connect with employers for virtual job interviewing.  The Indeed Hiring Platform helps employers automate screening, scheduling and communications with job seekers and enables job seekers to explore roles, answer any screener questions, and schedule video interviews quickly.

6.      Upon information and belief, Khan operates and maintains at least three social media accounts, including Instagram (Asif Khan @tooapree), Tik Tok (Asif Khan @tooapree) and YouTube ("Too Apree"). Khan posts various video recordings of fake interviews and "Zoombombing" on these social media accounts.[1]  Too Apree was formed on January 12, 2021. Khan is Too Apree's sole manager.  Although Too Apree does not appear to have any operational website or domain name for the sale of commercial products or services, on the same date as its corporate formation, Too Apree filed a trademark registration for the mark "TOO APREE" for use in connection with an online retail store for the sale of a variety of apparel and merchandise.  Upon information and belief, Khan's postings to his various "Too Apree" social media accounts is intended to drive traffic to those accounts for commercial purposes.

**B.      THE INDEED HIRING PLATFORM AND INDEED'S TERMS OF SERVICE**

7.      During the COVID pandemic, job interviewing transformed from a mostly in-person interaction to a virtual (audio and video) interaction.  As a result of this shift, requests for video (virtual) interviews by Indeed users escalated dramatically, and Indeed positioned the Indeed Hiring Platform to fulfill this market need.  The Indeed Hiring Platform allows employers (Indeed's customers) to pay Indeed an annual platform fee for its usage and to advertise blocks of interview times to job seekers.  One of the key features of the Indeed Hiring Platform is its Virtual Interview Platform (the "VIP").  The VIP provides a virtual interview experience for Indeed's employers and job seekers.  Another key feature of the Indeed Hiring Platform are "Hiring Events." The "Hiring Events" feature is similar to an in-person job fair except that job seekers sign up for

---

[1]      "Zoombombing" refers to the unwanted, disruptive intrusion into a video-conference call. https://en.wikipedia.org/wiki/Zoombombing.  In a typical Zoombombing incident, an individual hijacks a teleconferencing session by inserting unwelcomed or unwanted comments (typically resulting in the termination of the session).  The term is derived from the teleconferencing application Zoom though the term has also been used in reference to similar incidents on other platforms.

virtual interviews by "RSVPing" to them using the Indeed Hiring Platform.  Indeed's job seekers can "RSVP" to those interview slots and, upon doing so, Indeed transmits to those job seekers a link to the VIP where they interview with the employer.  Indeed has invested substantial resources in the development, operation, maintenance and support for the Indeed Hiring Platform.

8.      When job seekers participate in Hiring Events and sign up for an interview on the VIP, they are required to provide their first and last name, email address and phone number and click a button (titled "RSVP") to submit this data.  Immediately below the RSVP button, there is a notice that states, "By RSVPing to this event, you understand that your interview and interview time are managed by the host of this event and you agree to the Indeed Cookie Policy, Privacy Policy, and Terms of Service."  This notice provides hyperlinks (which are set off from the surrounding black text by using blue text) to Indeed's Cookie Policy, Privacy Policy, and Terms of Service.  As a result, by signing up for Hiring Events and VIP interviews, users accept and agree to Indeed's Terms of Service (the "TOS").  The TOS are published on Indeed's website at https://www.indeed.com/legal.

9.      The TOS expressly provide that the Indeed Apps and website (collectively, the "Site") are made available for use only by individuals searching for employment openings ("Job Seekers"), employers and those participating in Indeed's "Publisher Program."  The TOS prohibits users from engaging in, among other things, the following conduct:

- Impersonating another person (via the use of an email address or otherwise) or otherwise misrepresenting him/herself or the source of any email;

- Interfering with other Indeed users' enjoyment of the Site;

- Creating multiple user accounts in connection with any violation of the Agreement or creating user accounts by automated means or under false or fraudulent pretenses;

- Creating multiple Indeed accounts without permission; and

- Providing false information.

C.    **DEFENDANTS' PARTICIPATION AND PUBLICATION OF THE FAKE INTERVIEWS**

10.    In September 2020, Indeed first became aware of Khan's unauthorized use and access of Hiring Events and of the VIP.  In particular, an Indeed client specialist reported an issue raised by an employer where an individual (now known to be Khan) appeared in an interview shirtless and acting inappropriately. As new complaints and reports came in regarding similar interview conduct, Indeed investigated and discovered that the same individual (Khan) was engaging in this behavior.  Screenshots provided by employers confirmed Khan was the common culprit in these other sham interviews.  Upon further investigation, Indeed discovered that Khan was signing up to multiple Hiring Events and using the VIP  using different names, different email addresses and different phone numbers for each interview.  Some of the names and email addresses that Khan provided to Indeed were variations of his own name (such as "Seef Khan," "Seefer Khan," and "Sizz Kief").  Indeed later discovered that Khan was posting videos of his "fake interviews" (utilizing the VIP) on his Tik Tok and Instagram pages.  To date, Khan has posted at least 90 videos featuring these fake interviews on his Tik Tok page.  He has posted the same or similar videos of his fake interviews on his Instagram and YouTube Channels.  The number of fake interviews he has conducted using Hiring Events and the VIP is believed to be in the hundreds.

11.    Indeed's internal investigation ultimately revealed that Khan was providing false identifying information to Indeed (including fake or impersonated names and "burner" email addresses), scheduling interviews with prospective employers (Indeed's customers), and then using these interviews for entertainment or commercial purposes rather than their intended purpose: to provide a convenient forum to enable people to get jobs.  Khan's conduct includes, among other things, conducting fake interviews with healthcare providers for available healthcare

worker positions (conduct that his perhaps most offensive during the time of a global pandemic). As mentioned above, videos of these interviews are posted to Khan's various social media accounts, including Instagram (Asif Khan @tooapree), Tik Tok (Asif Khan @tooapree) and YouTube ("Too Apree").

**D.     INDEED'S CUSTOMER COMPLAINTS AND MITIGATION EFFORTS**

12.     Several of Indeed's employer-customers have reported Khan's behavior to Indeed and complained about it.   Over the last several weeks, Indeed's employers have become increasingly vocal in their complaints about Khan's behavior in these fake interviews - describing Khan's behavior as unprofessional, rude and disruptive.   Several asked him to be removed or blocked from Hiring Events and the Indeed Hiring Platform and others felt it was unfair to have their employees subjected to Khan's offensive, embarrassing and rude behaviors.   Indeed's customers expressed further surprise and irritation to discover that many of these interviews were being posted to social media.

13.     Indeed has diligently sought to prevent Khan's continued unlawful and unauthorized access and use of the Indeed Hiring Platform (including the Hiring Events and VIP features).   To date, it has deleted hundreds (if not more) of RSVPs (reservations) for interviews believed to be Khan.   It has also sought to block IP addresses believed to be used by Khan, but has been unsuccessful in those efforts (because, upon information and belief, Khan is using a "rolling" VPN to shield his IP address).   It has also sought to get Khan to cease such activity voluntarily through two cease and desist letters and "take down" notices to Khan's social media channels.   To date, Khan has ignored these demands.

14.     Indeed has incurred more than $5,000 in costs in responding to Defendants' unauthorized use and access of Hiring Events and the VIP, investigating the same, and undertaking

remedial measures to prevent or prohibit Defendants' continued unlawful use and access. These costs include Indeed employees' time to identify all fake or false identifying information provided by Khan to Indeed (and otherwise investigate Khan's identity and means of access to Hiring Events and the VIP), attempts to monitor, track and delete his hundreds of "RSVPs", and other efforts to block or prohibit Khan's further unauthorized access and use of the Hiring Events and VIP. Indeed has also incurred costs in attempting to preserve Khan's video postings of his fake interviews for purposes of this litigation. All conditions precedent have occurred or have been performed.

## IV. INDEED'S CLAIMS AGAINST THE DEFENDANTS

### A.   BREACH OF CONTRACT

15.     Indeed incorporates by reference each and every one of the allegations set forth above. Each time Khan (individually and acting on behalf of Too Apree) accepted an interview slot for Hiring Events  by clicking the "RSVP" button, he agreed to Indeed's TOS (individually and on Too Apree's behalf). The TOS between Indeed and Defendants constitute an enforceable agreement. Defendants breached the TOS by, among other things, impersonating another person (via the use of an email address or otherwise) or otherwise misrepresenting Khan or the source of any email, interfering with other Indeed users' enjoyment of the Site, creating multiple user accounts in connection with violation of the TOS or creating user accounts by automated means or under false or fraudulent pretenses, creating multiple Indeed accounts without permission, providing false information (including, among other things, false names, phone numbers and email addresses), and using the Hiring Events and VIP for purposes other than seeking employment. As a result of these breaches, Indeed has incurred actual damages and out-of-pocket costs in amount to be determined at trial. Indeed seeks to recover these damages, interest thereon, together with

its attorneys' fees (pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code), costs and expenses.

**B.**    <u>FRAUD</u>

16.    Indeed incorporates by reference each and every one of the allegations set forth above.  Khan (individually and on Too Apree's behalf) provided false or fictitious names, email addresses, and phone numbers to Indeed when accessing Hiring Events and using the VIP with the intent that Indeed would act on this false information by providing him access to Hiring Events and the VIP to conduct interviews with employers.  A spreadsheet listing the currently known false names, phone numbers, and emails believed to be used by Defendants for this unauthorized purpose is attached as **Exhibit 1**.  A spreadsheet listing some of the currently known dates and times that Khan (upon information and belief, using this false information) sought to RSVP to interviews for Hiring Events on the VIP is attached as **Exhibit 2**.  Indeed justifiably relied on Defendants' provision of this false information in permitting Defendants' access to these features of the Indeed Hiring Platform for Defendants' unlawful purposes, and such reliance caused it injury.   As a result of Defendants' fraud, Indeed seeks recovery of its actual and exemplary damages, out of pocket costs, and interests and costs.

**C.**    **TORTIOUS INTERFERENCE WITH INDEED'S CONTRACTUAL RELATIONS**

17.    Indeed incorporates by reference each and every one of the allegations set forth above.  Indeed had valid contracts with its employer customers concerning their paid use of the Indeed Hiring Platform.  Defendants are necessarily aware of those contracts in light of their acknowledgement and acceptance of the TOS (since the TOS describe Indeed's relationships with its employer-customers).  Defendants willfully and intentionally interfered with Indeed's contracts with its employers by, among other things, providing false information to Indeed and its customer-

employers in connection with Defendants' use of Hiring Events and the VIP, using these Indeed products for purposes other than to obtain employment, interfering with the employers' use of the Indeed Hiring Platform for its intended purpose, recording Defendants' fake interviews, and posting these interviews without authorization on Defendants' social media accounts. These actions proximately caused injury to Indeed. As a result of this interference, Indeed seeks recovery of its actual and exemplary damages, out of pocket costs, and interest and costs.

D.   VIOLATION OF FEDERAL COMPUTER FRAUD AND ABUSE ACT

18.   Indeed incorporates by reference each and every one of the allegations set forth above. Khan (individually and on Too Apree's behalf) (i) knowingly and with the intent to defraud, accessed Indeed's protected computers and computer systems (including Hiring Events and the VIP) without authorization or by exceeding authorized access, and by means of such conduct furthered the intended fraud, and (ii) knowingly and intentionally accessed Indeed's protected computer systems without authorization or by exceeding authorized access, and as result of conduct recklessly caused damage and loss. As a result of such conduct, Indeed has suffered a loss of at least $5,000 (as detailed above) during the one-year period before this suit was filed. Such actions of Defendants are in violation of the Computer Fraud and Abuse Act of 1986, 18 U.S.C. §1030 *et seq.* (CFAA).

19.   Pursuant to 18 U.S.C. § 1030(g), Indeed is entitled to injunctive and equitable relief as well as compensatory damages. Indeed seeks an injunction upon trial hereof (1) permanently prohibiting Defendants and all of those acting in concert with them from accessing Indeed's computer systems (including, without limitation, Hiring Events and the VIP), and (2) requiring Defendants to remove all audio and visual content of fake interviews Defendants recorded using the VIP from all social media accounts owned, operated or maintained by Defendants (including,

without limitation, Tik Tok, Instagram and YouTube) and prohibiting Defendants from future republication of the same.

E.    <u>VIOLATION OF TEXAS HARMFUL ACCESS BY COMPUTER ACT</u>

20.    Indeed incorporates by reference each and every one of the allegations set forth above.  Defendants knowingly or intentionally accessed Indeed's computer systems (namely, the Hiring Events and the VIP) without Indeed's effective consent for the purpose of engaging in a fraud on Indeed, and Indeed suffered damages as a result. Defendants' conduct constitutes a violation of Texas's Harmful Access by Computer Act. Tex. Civ. Prac. & Rem. Code § 143.001, et seq.  As a result of these violations, Indeed seeks to recover its actual damages as well as its reasonable and necessary attorney's fees and costs pursuant to Tex. Civ. Prac. & Rem. Code § 143.002.  Indeed also seeks injunctive relief as explained and detailed above.

F.    <u>DECLARATORY AND INJUNCTIVE RELIEF</u>

21.    Indeed incorporates by reference each and every one of the allegations set forth above.  A judicial controversy exists between Indeed, on the one hand, and Defendants, on the other hand, as to Defendants' ongoing right to access Hiring Events and the VIP.  To resolve this controversy, Indeed seeks a judicial declaration that (1) Defendants have violated the TOS, (2) Indeed has suspended Defendants' access or use of Indeed's computer systems (including, without limitation, Hiring Events and the VIP), and (3) Defendants have no right or authority to access  or use Indeed's computer systems or applications (including, without limitation, Hiring Events and the VIP).  Indeed also seeks an injunction as set forth above.  Indeed also seeks recovery of his reasonable and necessary attorneys' fees under Chapter 37 of Texas Civil Practice and Remedies Code and other applicable law.

**G.**      **AIDING AND ABETTING AND CONSPIRACY**

22.      Alternatively to the above claims, to the extent that Khan is found not to be acting on behalf of Too Apree (and thus Too Apree is not vicariously liable for his misconduct), the Defendants are secondarily liable, jointly and severally, for any direct causes of action under the theory of aiding and abetting tort duty breaches and civil conspiracy.  In particular, Khan and Too Apree individually or a combination of them, engaged in fraud and tortious interference with Indeed's contractual relations. Khan and Too Apree (through actual or constructive knowledge imputed by each of them on the other) - to the extent that they did not directly engage in the conduct underlying these torts - had knowledge of such conduct, had the intent to assist the primary actor(s) in committing such torts, and gave the primary actor(s) assistance or encouragement.   Such assistance or encouragement was a substantial factor in causing the underlying torts.

## V. PRAYER FOR RELIEF

WHEREFORE, Indeed requests that upon trial hereof, it recover judgment against Khan and Too Apree for its actual and exemplary damages, pre and post-judgment interest, attorneys' fees, costs and expenses, the declaratory and injunctive relief set forth above, and such other and further relief to which it may be justly entitled.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS, LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701
Telephone:  (512) 685-6400
Telecopier:  (512) 685-6417


By:     */s/ Kevin W. Brown*      
       Kevin W. Brown
       Texas State Bar No. 24045222
       Kevin.brown@wallerlaw.com
       Tori Harrison
       Texas State Bar No. 24109976
       Tori.harrison@wallerlaw.com